UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PETER ZIEBERT** ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **BUREAU OF COLLECTION** ) | **JURY TRIAL DEMANDED** |
| **RECOVERY, INC.** ) | |
| ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Peter Ziebert, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.  Plaintiff, Peter Ziebert, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3

("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides in this District.

## III.   PARTIES

4. Plaintiff, Peter Ziebert, is an adult natural person residing at 101 Pullman Station, Elmwood City, PA 19117. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Bureau of Collection Recovery, Inc. (BRC) (Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of Minnesota and the Commonwealth of Pennsylvania and has a principal place of business located at 7575 Corporate Way, Eden Prairie, MN 55344.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff has been receiving constant and continuous calls to his home phone from the Defendant since June, 2010, from telephone number (724) 209-5176, on a debt that does not belong to him.

8. Defendant calls and asks for either "Michelle" or "Michelle Conti".

9. Plaintiff does not know who this person is.

10. Plaintiff has informed the Defendant numerous times that they do not have the right number.

11. Defendant has been told that no one by the name of "Michelle" resides or has ever resided at the number that they are calling.

12. Defendant has promised multiple times to remove the Plaintiff's number from their call list.

13. Plaintiff states that the Defendant may go a week without a call, but that the calls always start up again.

14. As of the filing of this complaint, Defendant has still not updated their records and the Plaintiff continues to receive three to four calls a week for "Michelle Conti".

15. Many of these calls are automated.

16. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

>    §§ 1692c(a)(1):   Defendant's agents contacted Plaintiff at a time/place which should have been known to be inconvenient to Plaintiff;

| | |
|---|---|
| §§ 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person; |
| §§ 1692d(5): | Caused the phone to ring or engaged the person in telephone calls repeatedly; |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g. continuous cell phone calls |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

24. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

25. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the

Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

26. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

27. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

28. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

29. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

30. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

31. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a. Actual damages;

    b. Treble damages;

    c. An award of reasonable attorneys fees and expenses and costs of court; and

d.   Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

32.   The foregoing paragraphs are incorporated herein by reference.

33.   Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

34.   The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

35.   The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.   Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

b.   Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

36.   As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

37.   By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a. An Order declaring that Defendant violated the UTPCPL;

  b. Actual damages;

  c. Treble damages;

  d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV – TCPA

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

40. The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

  a. The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

  b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

    c.    The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Allied Interstate, and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Treble damages.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

41.    The above paragraphs are hereby incorporated herein by reference.

42.    The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43.    Pennsylvania recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated PA state law.

44.    Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

45. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

45. The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

46. As a result of the intrusions and invasions, Plaintiff is entitles to actual damages in an amount to be determined at trial from Defendant.

47. Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

e. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations

and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

 f. Punitive damages; and

 g. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

        Respectfully submitted,

        **WARREN & VULLINGS, LLP**

**Date: December 30, 2011**  BY: */s/ Brent F. Vullings*
        Brent F. Vullings, Esquire

        Warren & Vullings, LLP
        93 Old York Road
        Suite 333
        Jenkintown, PA 19046
        215-745-9800 Fax 215-745-7880
        Attorney for Plaintiff